UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 17-49602

SEAN BLUME,                                         Chapter 13
and NICOLE BLUME,
                                                    Judge Thomas J. Tucker
            Debtors.
_____/

**OPINION AND ORDER GRANTING CREDITOR'S MOTION FOR RELIEF FROM STAY (DOCKET # 29), STAYING FURTHER PROCEEDINGS ON CREDITOR'S OBJECTION TO SEAN BLUME'S CLAIM OF EXEMPTIONS (DOCKET # 27), AND CANCELLING NOVEMBER 21, 2017 HEARING**

**I. Introduction**

This case came before the Court for a hearing on October 19, 2017, on (1) the motion by creditor Alisa A. Peskin-Shepherd, PLLC (the "Creditor") for relief from the automatic stay (Docket # 29, the "Motion"); and (2) the Creditor's objection to the exemptions of Debtor Sean Blume (Docket # 27, the "Creditor's Objection"). For the reasons stated by the Court on the record during the hearing, the Court filed an order on October 19, 2017 (which was entered on October 20, 2017) (Docket # 67), which scheduled a final hearing on the Motion, and a further hearing on the Creditor's Objection, each for November 2, 2017 at 3:00 p.m. The Court's Order stated that at the November 2 hearing, "the Court intends to give an oral ruling on the Motion (to be followed by a written order reflecting the ruling)."

The Court later adjourned the November 2 hearing and bench opinion, initially to November 16, 2017, and then to November 21, 2017 at 3:00 p.m. (Docket ## 74, 82).

The Court has considered everything filed by the Creditor and the Debtor in support of and in opposition to the Motion and the Creditor's Objection, including all exhibits, and

including the briefs filed by the parties after the October 19 hearing (Docket ## 70, 79), and the Court has considered the oral arguments of the parties, made during the October 19 hearing.

The Court now concludes that the November 21 hearing is not necessary. Instead of giving an oral ruling on the Motion and holding a further hearing on the Creditor's Objection, the Court will now take action on these matters, for the reasons stated in this opinion.

**II. The Motion**

The Court finds and concludes that there is "cause," within the meaning of 11 U.S.C. § 362(d)(1), to grant stay relief as stated in the order below. For a general discussion of standards applicable to the issue of "cause" to grant stay relief, see *In re Combs*, 435 B.R. 467, 470-71 (Bankr. E.D. Mich. 2010), which discussion the Court incorporates by reference into this opinion. There is "cause" to grant the stay relief as set forth in the order below, for the following reasons.

1. In the state court divorce case entitled *Nicole M. Knuff v. Richard J. Knuff, Jr.*, Case No. 2009-764606-DM (Oakland County Circuit Court) (the "Divorce Case"), in response to a motion filed by the Creditor pre-petition, the state court ruled on March 9, 2017 that based on Michigan law, there may be grounds to impose, and the court may in the future impose, an equitable lien in favor of the Creditor on the Debtors' real property located at 330 E. Avon Road, Rochester, Michigan (the "Rochester Property").[1] The state court ruled that its ultimate decision and future action on that issue would depend upon, and would have to await, the final disposition of the Creditor's pending lawsuit against the Debtors, also in the Oakland County Circuit Court,

---

[1] The state court so ruled in a written opinion and order, a copy of which is attached to the Creditor's Motion (Ex. E, Docket # 29).

Case No. 2016-154544-CK (the "Collection Case").[2]

2. Such an equitable lien, if imposed by the state court in the Divorce Case, would amount to a constructive trust under Michigan law.

3. Under cases decided by the United States Court of Appeals for the Sixth Circuit, this Bankruptcy Court cannot impose a constructive trust (or an equitable lien) on the Debtors' Rochester Property, or on any other property of the Debtors. *See XL/Datacomp, Inc. v. Wilson* (*In re Omegas Group., Inc.*), 16 F.3d 1443, 1449, 1451, 1453 (6th Cir. 1994); *Kitchen v. Boyd* (*In re Newpower*), 233 F.3d 922, 935-37 (6th Cir. 2000); *Poss v. Morris* (*In re Morris*), 260 F.3d 654, 666 (6th Cir. 2001).

4. But with respect to the cases just cited, the Court interprets the *Newpower* and *Morris* cases to have clarified and narrowed the Sixth Circuit's holding in the earlier *Omegas Group* case. The Court interprets *Newpower* and *Morris* to mean that unlike the bankruptcy court, the state court *could* impose a constructive trust (equitable lien) on the Debtors' Rochester Property, which would be valid and enforceable in this bankruptcy case, *if* all three of the following requirements were met: (a) this Court first granted relief from the automatic stay to permit litigation to go forward in the state court, of the type granted by the order below; and (b) the state court decided to impose the constructive trust (equitable lien);[3] and (c) the state court ruled that the effective date of the constructive trust (equitable lien) was, under state law, a date before June 29, 2017 (the date on which the Debtors filed this bankruptcy case). (Any such action by the

---

[2] *See* Ex. E (Docket # 29) at 6-7.

[3] This Court expresses no view on whether the state court *should* impose a constructive trust/equitable lien. That is entirely a matter of state law for the state court to decide.

state court would, of course, be subject to any available rights of appeal in the state court system.)

5. If this Court does not grant the stay relief provided in the order below, the Creditor will lose any chance it has of litigating the merits of its claim for a constructive trust (equitable lien) on the Debtors' Rochester Property, and will be left as an entirely unsecured creditor in this bankruptcy case. By granting the stay relief provided in the order below, the Court is allowing the Creditor an opportunity to seek relief from the state court, which if successful, would result in the Creditor being a secured creditor in this bankruptcy case. This would materially improve the Creditor's position in this bankruptcy case, compared to being left as an entirely unsecured creditor.

6. The stay relief granted may result in some delay in the ultimate outcome of this bankruptcy case, but on balance, any such delay is necessary and appropriate under the circumstances. This is so because, in fairness to both the Debtors and the Creditor, this Court should permit the full adjudication of the constructive trust (equitable lien) issue in the only forum that has authority to adjudicate it — namely, the state court.

7. The Debtors' action in filing this bankruptcy case should not be permitted to deprive the Creditor (or the Debtors) of the ability to litigate on the merits, and to a conclusion, in the only court that has authority to decide the issue (the state court), the Creditor's claim to entitlement of a constructive trust (equitable lien) on the Debtors' Rochester Property. Under the circumstances of this case, such a deprivation would be an abuse of the bankruptcy system. This is a case in which the state court's March 9, 2017 written opinion in the Divorce Case indicates that the Creditor has at least a colorable claim to the imposition of a constructive trust (equitable

lien) on the Debtors' Rochester Property.

8. For all of these reasons, the Court finds and concludes that "cause" exists under 11 U.S.C. § 362(d)(1) for granting the stay relief provided in the order below.

## III. The Creditor's Objection

Having decided to grant stay relief, the Court concludes that it should stay further proceedings, and defer any decision, on the Creditor's Objection to Sean Blume's claimed exemption in the Rochester Property, until the state court litigation in the Collection Case and in the Divorce Case has concluded.

For these reasons,

**IT IS ORDERED that:**

1. The Motion (Docket # 29) is granted, on the terms stated in this Order.

2. The automatic stay under 11 U.S.C. § 362(a) is modified to permit the continuation to completion of the litigation by the Creditor and the Debtors of the state court Collection Case and the state court Divorce Case, including any appeals. This includes, but is not necessarily limited to, litigation of the Creditor's action in the Collection Case to obtain a determination of the existence and amount of debt owing from either or each of the Debtors to the Creditor; the Creditor's action in the Collection Case to avoid as a fraudulent transfer a transfer made by the Debtor Nicole Blume of the Rochester Property; and the Creditor's action in the Divorce Case to obtain an order imposing a constructive trust (equitable lien) in favor of the Creditor on the Rochester Property.

3. This Order is effective immediately; the 14-day stay under Fed. R. Bankr. P. 4001(a)(3) does not apply.

4. Further proceedings on the Creditor's Objection to the claim of exemptions by the Debtor Sean Blume (Docket # 27) are stayed until the completion of the litigation of the state court cases referred to in Paragraph 2 of this Order.

5. The adjourned hearing on the Motion and the Creditor's Objection scheduled for November 21, 2017 at 3:00 p.m. is cancelled, as no longer necessary.

**Signed on November 20, 2017**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**