UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SEAN BLUME,
and
NICOLE BLUME,

            Debtors.
_____/

Case No. 17-49602

Chapter 13

Judge Thomas J. Tucker

**OPINION REGARDING DEBTORS' APPLICATION TO EMPLOY
SPECIAL COUNSEL AND DEBTORS' MOTION TO INCUR DEBT**

**I. Introduction and background**

     This case came before the Court for a hearing on September 27, 2018, on the Debtors' application entitled "Application for Order Authorizing Debtor, Nicole Blume's Employment of Loren Mannino and Mannino Martin for Non-Bankruptcy Legal Matters and Payment of Legal Fees and Costs," (Docket # 128, the "Special Counsel Application") and the Debtors' Motion to Incur Debt (Docket # 129). The creditor Alisa Peskin-Shepherd, PLLC ("Peskin-Shepherd") objects to the Special Counsel Application and the Motion to Incur Debt.

     Confirming action taken during the September 27 hearing, and for the reasons stated by the Court on the record during the hearing, the Court entered an Order on September 28, 2018 (Docket # 140), which permitted further briefing on a specified issue, and which scheduled a further hearing on the Debtors' motions, to be held on October 11, 2018 at 2:00 p.m. In an Order entered on October 3, 2018 (Docket # 142), the Court added an additional issue to the further briefing permitted by the parties. The briefs were due on October 9, 2018, and were filed by each side on the afternoon of that date (Docket ## 143, 145). Then, in an Order entered on October 11, 2018 (Docket # 146), the Court permitted the Debtors to file a further brief, limited to

discussing one additional issue that has been raised by Peskin-Shepherd, and adjourned the October 11 hearing to October 25, 2018. The Debtors filed their brief, with exhibits attached, as permitted by the October 11 Order (Docket # 147).

Having reviewed all the briefs and other papers filed by the parties, the Court concludes that a further hearing is not required, and has decided to rule on the pending matters in writing, in this Opinion and the order to follow. For the following reasons, the Court (1) will deny the Motion to Incur Debt in part, and grant that motion in part; and (2) will deny the Special Counsel Application.

## II. Jurisdiction

This Court has subject matter jurisdiction over this bankruptcy case, and over these contested matters, under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.). These contested matters are core proceedings, under 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(D), 157(b)(2)(M), and 157(b)(2)(O).

In addition, these contested matters each fall within the definition of a proceeding "arising under title 11" and of a proceeding "arising in" a case under title 11, within the meaning of 28 U.S.C. § 1334(b). Matters falling within either of these categories in § 1334(b) are deemed to be core proceedings. *See Allard v. Coenen (In re Trans-Industries, Inc*.), 419 B.R. 21, 27 (Bankr. E.D. Mich. 2009). These are proceedings "arising under title 11" because they are "created or determined by a statutory provision of title 11," *see id.*, including the issues of whether and to what extent Bankruptcy Code § 327(e) applies. And these are proceedings "arising in" a case under title 11, because they are proceedings that "by [their] very nature, could arise only in bankruptcy cases." *See Allard v. Coenen*, 419 B.R. at 27.

**III. The Debtors' Motion to Incur Debt**

In their Motion to Incur Debt, the Debtors seek authorization from this Court (1) to incur post-petition debt to attorney Loren Mannino and his firm, Mannino Martin (collectively, "Mannino"), to represent the Debtors in pending state court litigation against Peskin-Shepherd; and, (2) in order to secure payment of such post-petition debt, to grant to Mannino a mortgage lien in the Debtors' real estate located at 330 E. Avon Road, Rochester, Michigan (the "Rochester Property").

In its supplemental brief filed October 9, 2018, Peskin-Shepherd argued, among other things, that it would violate Rule 1.8(j) of the Michigan Rules of Professional Conduct,[1] and therefore would violate public policy, for the Debtors to give Loren Mannino and/or his firm a lien in the Rochester Property. (Docket # 143 at 5-7).[2] The Debtors dispute this, in their brief filed October 18, 2018 (Docket # 147).

Rule 1.8(j) states:

> (j) **A lawyer shall not acquire a proprietary interest in the** cause of action or **subject matter of litigation the lawyer is conducting for a client**, except that the lawyer may:
>
> (1) acquire a lien granted by law to secure the lawyer's fee or expenses; and

---

[1] The Michigan Rules of Professional Conduct apply in this Court, under L.R. 83.22(b) (E.D. Mich.) and L.B.R. 9029-1(a) (E.D. Mich.); *see generally Kohut v. Lenaway (In re Lennys Copy Ctr. & More LLC)*, 515 B.R. 562, 566-67 (Bankr. E.D. Mich. 2014) ("Good public policy, and the interest of preserving the integrity of the judicial process" requires compliance with the Michigan Rules of Professional Conduct.).

[2] In their brief filed October 18, 2018 (Docket # 147), at page 2, the Debtors complain that Peskin-Shepherd waited too long to raise this argument under Rule 1.8(j). The Debtors make a fair point. But the Court has chosen to consider the merits of this belated argument, after giving the Debtors an opportunity to respond to it in their October 18 brief. This Court will not knowingly enter an order that violates public policy, even if the public policy argument is untimely made.

>> (2) contract with a client for a reasonable contingent fee in
> a civil case, as permitted by Rule 1.5 and MCR 8.121.

Mich. Rules Prof'l Conduct R. 1.8 (2018) (emphasis added).

The Court agrees with Peskin-Shepherd's argument. The Court concludes that it would violate Rule 1.8(j) of the Michigan Rules of Professional Conduct, and therefore would violate public policy, for the Debtors to give Loren Mannino and/or his firm a lien in the Rochester Property.

Although the Debtors argue otherwise, the Court finds and concludes that the Rochester Property is part of "the subject matter of" the state court litigation in which Mannino represents the Debtors. This is clear from, among other things, Counts III and IV of Peskin-Shepherd's Third Amended Complaint in the state court action, and the relief sought for those counts.[3] Those counts allege that the Debtor Nicole Blume fraudulently transferred the Rochester Property from herself as sole owner, to herself and her then-husband, Debtor Sean Blume.[4] As relief for the alleged fraudulent transfer, those counts seek the following relief:

> An Order setting aside conveyance of the Rochester Hills property,[5] sell the property, and satisfy Nicole's debt to Plaintiff as follows:
>
> i. Set aside the transfer of the Rochester Hills Property, pursuant to MCL §566.37(1 )(a);
>
> ii. Impose a constructive trust and grant Peskin-Shepherd an

---

[3] Peskin-Shepherd's state court Third Amended Complaint is attached as Exhibit 3 to the Debtors' October 18, 2018 brief (Docket # 147, the "Third Amended Complaint").

[4] Third Amended Complaint at ¶¶ 51, 85-91, 93-101.

[5] The Third Amended Complaint defines and refers to the Rochester Property as the "Rochester Hills property." *See id.* at ¶ 18.

    equitable lien on the Rochester Hills property;

    iii. Attach the Rochester Hills property, pursuant to MCL §566.37(l)(b);

    iv. Enjoin any further disposition by the Defendants Nicole or Sean Blume, or both, of the Rochester Hills Property or other property, pursuant to MCL §566.37(1)(c)(I);

    v. Appoint a receiver to take charge of the Rochester Hills Property or other property of Defendants Nicole and/or Sean Blume, pursuant to MCL §566.3 7( I)( c)(ii);

    vi. Levy execution on the Rochester Hills Property or its proceeds, if judgment has been obtained against . . . Nicole, pursuant to MCL §566.37(2); and/or

    vii. Any other relief the court deems appropriate, MCL §§566.37(1)(c)(iii)[6]

This Court will not authorize the Debtors to grant the proposed lien in the Rochester Property, because doing so would violate Rule 1.8(j) of the Michigan Rules of Professional Conduct, and therefore would violate public policy.

The Court will authorize the Debtors to incur post-petition debt to Mannino, without the granting of the proposed lien. This authorization is based on the assumption that, as the Debtors' counsel has made clear in the Motion to Incur Debt and in the hearing on that motion, the Debtors will not be required to pay, and will not pay, such debt during the pendency of this Chapter 13 bankruptcy case, as part of any Chapter 13 plan or otherwise.[7]

The Court will enter an order granting the Motion to Incur Debt in part, and denying it in

---

[6] *Id.* at 14-15.

[7] This means, among other things, that Mannino will have no post-petition claim allowed under 11 U.S.C. § 1305(a)(2).

part, consistent with this Opinion

## IV. The Special Counsel Application

The Debtors's Special Counsel Application seeks an order authorizing the Debtors to employ Mannino to represent them in the pending state court litigation against Peskin-Shepherd. Peskin-Shepherd objects to this application, arguing among other things that Mannino's employment would violate Bankruptcy Code § 327(e).

Section 327(e) states:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

In its Order filed September 28, 2018 (Docket # 142), the Court raised the issue of whether § 327(e) applies at all, and allowed the parties to brief that issue. The Order noted the following:

> In making their arguments so far, the parties have assumed that the Debtor Nicole Blume's employment of Loren Mannino and his firm, Mannino Martin, as special counsel must meet the requirements of 11 U.S.C. § 327(e). But the Court's own research indicates that there is a split of authority on this question among bankruptcy courts around the country.
>
> Cases holding that § 327(e) and its requirements do apply to a Chapter 13 debtor's request for approval to employ special counsel include: *In re Goines,* 465 B.R. 704, 706 (Bankr. N.D. Ga. 2012); *Wright v. Csabi* (*In re Wright*), 578 B.R. 570, 582 (Bankr. S.D. Tex. 2017).
>
> Cases holding that § 327(e) and its requirements do *not*

6

apply to a Chapter 13 debtor's request for approval to employ
special counsel include: *In re Jones,* 505 B.R. 229, 231 (Bankr.
E.D. Wis. 2014); *In re Scott,* 531 B.R. 640, 645 (Bankr. N.D. Miss.
2015); *see also In re Gilliam*, 582 B.R. 459, 465-66 (Bankr. N.D.
Ill. 2018) (§ 327 does not apply in Chapter 13 cases); *In re
Maldonado*, 483 B.R. 326, 330 (Bankr. N.D. Ill. 2012) (same).

Based on the *Jones*, *Scott*, *Gilliam*, and *Maldonado* cases cited above, the Court concludes that, at least under the circumstances of this case, § 327(e) and its requirements do not apply to the Debtors' proposed employment of Mannino. The circumstances include the fact that, as noted above, the Debtors do not seek authority to pay, and will not pay, Mannino during the pendency of this Chapter 13 bankruptcy case, as part of any Chapter 13 plan or otherwise, and therefore will not be paying or seeking to pay Mannino from any property of the bankruptcy estate.

Under these circumstances, and given that § 327(e) does not apply here, the Court concludes that the Debtors need not obtain this Court's approval or authorization to employ Mannino for the purposes stated. To the extent the Special Counsel Application also seeks authority to grant a lien in favor of Mannino in the Rochester Property, it will be denied, for the reasons stated in Part III of this Opinion. Otherwise, the Special Counsel Application will be denied as unnecessary. The Court will enter an order to this effect.

**V. Conclusion**

For the reasons stated in this Opinion, the Court will enter an Order denying the Debtors' Motion to Incur Debt in part, and granting that motion in part; and denying the Debtors' Special Counsel Application. The Order also will cancel the October 25, 2018 hearing, as no longer necessary.

7

**Signed on October 22, 2018**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**