UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SEAN BLUME,
and
NICOLE BLUME,

          Debtors.
_____/

Case No. 17-49602

Chapter 13

Judge Thomas J. Tucker

**OPINION AND ORDER GRANTING THE DEBTORS' MOTION TO INCUR DEBT, WITH CONDITIONS, AND DENYING, AS UNNECESSARY, DEBTORS' APPLICATION TO EMPLOY STATE COURT APPELLATE COUNSEL**

This case came is before the Court on two matters: (1) the Debtors' application entitled "Application for Order Authorizing Debtor, Nicole Blume's Employment of Speaker Law Firm, PLLC for Non-Bankruptcy Legal Matters and Payment of Legal Fees and Costs," filed October 4, 2019 (Docket # 194, the "Employment Application"); and (2) the Debtors' related motion entitled "Motion to Incur Debt," also filed October 4, 2019 (Docket # 195). The creditor Alisa Peskin-Shepherd, PLLC timely filed objections to the Employment Application and the Motion to Incur Debt (Docket ## 198, 199).

The Court has reviewed these matters, and concludes that a hearing is not necessary, and that the Court should and will rule on these matters as stated below, for the following reasons.

The Court concludes that the Debtor Nicole Blume should be authorized to hire non-bankruptcy counsel of her choosing, to represent her in her pending state court appeal, and that as a result, the Debtors should be authorized to incur unsecured debt for the legal work of such counsel. The proposed terms of Nicole Blume's retention of counsel, and the Debtors' resulting incurring of debt, include that the Debtors may incur debt of up to $10,000.00, but that they may

and will pay no more than $250.00 per month to the state court appellate counsel. The payments will be made from property of the bankruptcy estate, namely, the Debtors' post-petition income, which remains property of the estate in this pre-confirmation Chapter 13 case. *See generally* 11 U.S.C. §§ 1306(a), 1327(b). But such debt and payment terms are not unreasonable under the circumstances, and the impact on the bankruptcy estate is relatively small, particularly given the amount at stake in the pending state court appeal, and the potential impact of the appeal's outcome on the Debtors' ability to confirm a plan in this Chapter 13 case and the terms of such a plan.

The Employment Application is in part duplicative of the Motion to Incur Debt, because implicit in the Employment Application is a request for permission to incur debt. To the extent of that duplication, the Employment Application is unnecessary. And the Court concludes that except to the extent the Debtors seek permission to incur debt, the Debtors need not seek this Court's approval or permission to employ non-bankruptcy (state court appellate) counsel of their choice. The Court bases this conclusion on its agreement with the holdings of the *Jones*, *Scott*, *Gilliam*, and *Maldonado* cases, cited and described in this Court's previous Opinion, filed in this case on October 22, 2018 (Docket # 149, at pp. 6-7), reported as *In re Blume*, 591 B.R. 675, 679 (Bankr. E.D. Mich. 2018). So the Employment Application is entirely unnecessary, and will be denied for that reason.

For the reasons stated above,

IT IS ORDERED that:

1. The Debtors' Motion to Incur Debt (Docket # 195) is granted, and the Debtors are authorized to incur post-petition debt to the Speaker Law Firm up to a maximum total amount of

$10,000.00, subject to the following conditions. First, the Debtors may pay the Speaker Law Firm, PLLC, a maximum of $250.00 per month, effective beginning November 1, 2019. Second, the Debtors may not pay, and will not be obligated to pay, to the Speaker Law Firm, PLLC, or to any other non-bankruptcy attorney(s), more than $250.00 per month for the time period starting on November 1, 2019, as long as this Chapter 13 case is pending.

    2. The Employment Application (Docket # 194) is denied, as unnecessary.

**Signed on December 23, 2019**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**